Chen v. Holder

BIA
Bukszpan, IJ
A087 441 615

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of June, two thousand thirteen.

PRESENT:
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
>> *Circuit Judges.*

_____

KONG DAO CHEN,
> *Petitioner,*

v.                                          12-1836
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Nataliya I. Gavlin, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; Derek C. Julius, Senior Litigation Counsel; Julie S. Saltman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kong Dao Chen, a native and citizen of the People's Republic of China, seeks review of an April 18, 2012, order of the BIA, affirming the May 12, 2010, decision of an Immigration Judge ("IJ"), which pretermitted his application for asylum and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Kong Dao Chen*, No. A087 441 615 (B.I.A. Apr. 18, 2012), *aff'g* No. A087 441 615 (Immig. Ct. N.Y. City May 12, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the decisions of both the IJ and the BIA. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng*, 562 F.3d at 513.

**I.    Asylum**

Title 8, Section 1158(a)(3) of the United States Code provides that no court has jurisdiction to review the agency's finding that an asylum application was untimely

2

under 8 U.S.C. § 1158(a)(2)(B). Notwithstanding that provision, we retain jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D).

Here, Chen argues, for the first time, that the agency erred by not giving him or his witness an opportunity to explain the inconsistency between the witness's statement and her testimony. However, because Chen did not raise this argument in his appeal to the BIA, it is unexhausted and we decline to consider it. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004); *see also Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

Chen also asserts that his credible testimony alone should have been sufficient to meet his burden of demonstrating by clear and convincing evidence that he filed for asylum within one year of entry. In essence, Chen raises a question of law regarding whether the agency applied an inappropriately high burden. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104 (2d Cir. 2006). This argument fails, however, as the agency is permitted to require reasonably available corroborating evidence even where the testimony was credible. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). Because the only corroborating

3

evidence was inconsistent, the agency did not apply too high a burden in finding that the evidence was not "clear and convincing" as required by the statute. *See* 8 U.S.C. § 1158(a)(2)(B); *see also Li Hua Lin*, 453 F.3d at 104-05.

**II. Withholding of Removal and CAT**

Under the REAL ID Act, which applies to this case, credible testimony may be sufficient to sustain an applicant's burden of proof without corroboration. 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1231(b)(3)(C); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 196-98 (2d Cir. 2009). However, when an IJ "determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1231(b)(3)(C). Before denying a claim solely based on an applicant's failure to provide corroborating evidence, the agency should "explain specifically . . . why it is reasonable . . . to expect such corroboration[ ] and . . . why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." *Diallo v. INS*, 232 F.3d 279, 290 (2d Cir. 2000). We give substantial deference to an IJ's

4

determination that corroborating evidence was required and reasonably available to an applicant. *See Yan Juan Chen v. Holder*, 658 F.3d 246, 252 (2d Cir. 2011).

In this case, the agency noted that Chen had not submitted medical records or evidence of the nature and severity of his mistreatment by authorities, and had failed to offer testimony from anyone at his current church. The agency did not err in rejecting Chen's explanations for the lack of corroboration and reasonably concluded that Chen failed to offer reasonably available evidence. Though Chen testified that the medical care he received was from an unlicensed clinic that did not issue receipts, he did not allege that he had attempted to obtain any records or that he could not have obtained a letter from someone who had provided him with care. In addition, the evidence Chen did submit, a letter from his father, did not mention that Chen received any medical care at all. Furthermore, Chen's explanation that no one from his Brooklyn church could testify on his behalf was undermined by the church's proximity to the hearing location and the absence of any explanation why a pastor or parishioner could not be available telephonically. Chen provided no explanation for the lack of corroboration relating to the nature and

severity of his mistreatment. We find no basis for reversal of the agency's finding. *See* 8 U.S.C. § 1252(b)(4) (providing that no court shall reverse the decision "with respect to the availability of corroborating evidence" unless the court is "compelled to conclude that such corroborating evidence is unavailable").

Chen also argues that he did offer a number of documents to corroborate his claim, including two letters from church members in China, and a letter from the pastors at his church in Brooklyn. However, the agency was not required to credit those documents, as the documents from China were not signed before the U.S. consul and thus the identity of the authors could not be verified, and the letter from his pastors was not notarized and neither pastor was available to testify. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (stating that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

Because Chen's claims for withholding of removal and CAT relief both related to his Christian faith, and were based on the same factual predicate, the agency did not err in denying CAT relief on the same ground. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk